# United States District Court
# Central District of California

FELIPE GONZALEZ,

        Plaintiff,

  v.

J.P. MORGAN CHASE BANK N.A. et. al.,

        Defendants.

Case No. 2:17-cv-09310-ODW(ASx)

**ORDER GRANTING DEFENDANTS JPMORGAN CHASE BANK, N.A., FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND NDEX WEST LCC MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [64] [68]**

## I.   INTRODUCTION

This matter comes before the Court on Defendants JPMorgan Chase Bank, N.A.'s ("Chase"), Federal National Mortgage Association's ("Fannie Mae"), and NDeX West LCC's ("NDeX") Motions to Dismiss Plaintiff's First Amended Complaint. (ECF Nos. 64, 68.)  For the reasons that follow, the Court GRANTS Defendants' Motions.[1]

## II.   BACKGROUND

On September 20, 2018 Plaintiff Felipe Gonzalez ("Gonzalez") filed his First

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Amended Complaint ("FAC") against Defendants Chase, Fannie Mae, NDeX, ("Defendants") and Rushmore Loan Management Services ("Rushmore") (FAC, ECF No. 60.) Gonzalez alleges that each of his thirteen cause of actions are tied to his home mortgage loan ("Loan") and the real property located at 14229 Tiara Street, Los Angeles, California 91410 ("Property"). (FAC ¶¶ 10–13, 37–132.) Gonzalez's substantive allegations against Chase and Fannie Mae are based on events that allegedly occurred between 2007 to 2010. (FAC ¶¶ 11–29.)

On July 20, 2007, Gonzalez purchased the Property and signed a deed of trust in the amount of $387,750.00 with Chase. (FAC ¶ 11.) Gonzalez alleges that prior to closing, he and Chase agreed to a monthly mortgage of $2100 per month. (FAC ¶ 13.) However, after closing, Chase demanded that Gonzalez pay $3200 per month. (FAC ¶ 15.) A Chase representative explained that an error was committed, but Gonzalez was still required to pay $3200 per month for the next six months. (FAC ¶ 15.) Gonzalez and Chase continued to negotiate over the alleged error until February 2008, when Chase told Gonzalez to apply for a loan modification agreement. (FAC ¶¶ 16–19.) Gonzalez alleges that, on February 12, 2010, he signed a loan modification agreement; nevertheless, Chase continued foreclosure proceedings and sold the Property to Fannie Mae in a foreclosure sale. (FAC ¶¶ 22–24.) Gonzalez alleges that he filed for bankruptcy to stop the Property foreclosure, and thereafter, Chase rescinded the sale of the Property. (FAC ¶¶ 25–26.)

In 2011 and 2012, Gonzalez filed two lawsuits in Los Angeles Superior Court, against Chase, Fannie Mae, and NDeX. (*See* Chase's Mot. to Dismiss ("Chase's Mot.") 2, ECF No. 64.) Gonzalez voluntarily dismissed his 2011 lawsuit. (Chase's Mot. 2.) But in 2012, Gonzalez alleged fourteen causes of actions in a new Complaint, with the Loan, the Property, and 2007–2010 incidents underlying each. (*See* Defs.' Req. for Judicial Notice ("RJN"), Ex. I Compl., *Gonzalez v. J.P. Morgan Chase, N.A.*, No. LC097089 (Cal. Super. Ct. 2012.) ("*Gonzalez I* Complaint"), ECF No. 65-9.) Ultimately, the Superior Court sustained Chase and Fannie Mae's

demurrer to Gonzalez's 2012 Complaint without leave to amend, and the Court of Appeal affirmed. (*See* RJN, Ex. J *Gonzalez v. JPMorgan Chase Bank, N.A.*, No. B252568 (Cal. Ct. App. Feb. 24, 2015) ("Gonzalez I Opinion"), ECF No. 65-10.)

In the summer of 2015, Chase transferred its loan servicing duties to Rushmore and then "Rushmore [placed] a lock box on Plaintiff's home" and informed him that the lockbox would remain since "[Rushmore] had rights to the home." (FAC ¶¶ 31–32.) Gonzalez alleges that it was unclear who was overseeing the Loan because although Rushmore began to service the Loan in 2015, Gonzalez also "continued to be solicited for [loan] modifications from Chase." (FAC ¶¶ 30–31.) In February 2016, Fannie Mae assigned the deed of trust to a third party. (*See* RJN, Ex. D Assignment of Deed of Trust ("2016 Assignment"), ECF No. 65-4; FAC ¶ 31.) Thereafter, in May 2016, Gonzalez alleges that "two women appeared at the [P]roperty, claim[ing] to represent the bank," and demanding entry, which Gonzalez denied ("2016 bank representative incident"). (FAC ¶ 32.) Gonzalez alleges the two individuals trespassed anyway and told Gonzalez "he could not make changes to the [P]roperty." (FAC ¶ 33.)

Gonzalez filed suit against Chase and Fannie Mae again in 2016, this time in the Southern District of New York. The 2016 action also related to the Loan, the Property, and the 2007–2010 incidents. (*See* RJN, Ex. M *Gonzalez v. JPMorgan Chase Bank, N.A.*, No. 16-cv-2611(JGK) (S.D.N.Y. Jan. 11, 2017) ("Gonzalez II Opinion"), ECF No. 65-13.) The court dismissed some claims with prejudice but granted leave to amend to others. (*Gonzalez II* Opinion, at 35.) When Gonzalez failed to amend his pleading as ordered, the court dismissed the case with prejudice and entered judgment for Chase and Fannie Mae. (RJN, Ex. N Order, *Gonzalez*, No. 16-cv-2611(JGK) ("*Gonzalez II* Judgment"), ECF No. 65-14.)

On December 31, 2017, Gonzalez filed this suit, premised once again on the Loan, the Property, and the 2007–2010 incidents. (*See* Compl., ECF No. 1.)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

Chase and Fannie Mae move to dismiss Gonzalez's FAC, primarily arguing that res judicata bars all of Gonzalez's claims. (See generally Chase's Mot.) For the reasons that follow, the Court finds that claims arising from the 2007–2010 incidents involving the Loan and the Property are barred by res judicata. Although the Court finds the claims arising from the 2015 lockbox and the 2016 bank representatives

incidents are not barred by res judicata, Gonzalez fails to sufficiently allege that Chase, Fannie Mae, or NDeX had any interest or involvement in the two incidents. Finally, the Court finds Gonzalez has failed to allege any claims against NDeX. Accordingly, all claims against Chase, Fannie Mae, and NDeX are dismissed.

## A.    Request for Judicial Notice

Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting the motion into one for summary judgment.  *Lee*, 250 F.3d at 689.   Federal Rule of Evidence 201 provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may take judicial notice of government documents and public records.  *See, e.g., Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases granting judicial notice of documents recorded by the County Recorder's Office); *see also Miller v. Cal. Reconveyance Co.*, No. 10-cv-421-IEG (CAB), 2010 WL 2889103, at *3 n.1 (S.D. Cal. July 22, 2010) ("The [c]ourt will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned.").

In support of its Motion to Dismiss, Chase and Fannie Mae requests that the Court take judicial notice of documents recorded by the county recorder and court documents from Gonzalez's other, related cases.  Courts routinely take judicial notice of recorded deeds and similar instruments.  *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012) (taking "judicial notice of the undisputable facts contained" in notice of default as a public record).  As such, Exhibits A–D, and

P, which are documents recorded by the county recorder, are subject to judicial notice. (*See* Request for Judicial Notice ("RJN"), ECF No. 65.)

Exhibits E–O, and Q are documents from proceedings in other courts, which are also subject to judicial notice. (*See* RJN.); *see U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). However, when taking judicial notice of another court's record, a court may do so only for the existence of the document and not for the truth of the facts therein. *Lee*, 250 F.3d at 690; *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Accordingly, the county recorder documents are properly subject to judicial notice. The Court records, however, are only subject to judicial notice of their existence, not their truth. With this in mind, Chase and Fannie Mae's request for judicial notice is **GRANTED**. (ECF No. 65.)

**B.     Claim Preclusion**

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "Identity of claims exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (citations and internal quotation marks omitted). Although res judicata is an affirmative defense, a court may nevertheless dismiss an action based on facts alleged in the pleadings as well as any facts properly subject to judicial notice. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Here, final judgment on the merits was rendered in *Gonzalez I* and *Gonzalez II*, and the parties were identical. (*See Gonzalez I* Opinion; *Gonzalez II* Judgment.)

Also, Gonzalez has repeatedly litigated from all angles, including (1) the alleged errors with the Loan following origination in 2007; (2) loan modification negotiations between Gonzalez and Chase from 2007 to 2010; and (3) the 2010 foreclosure sale of the property. (*See Gonzalez I* Complaint; *Gonzalez II* Opinion.) These are the same allegations underlying his first seven causes of action in the FAC. Accordingly, Gonzalez has already litigated his first seven causes of actions in *Gonzalez I* and *Gonzalez II*. (*See Gonzalez I* Opinion; *Gonzalez II* Opinion.) Consequently, the Court finds that these claims are barred by res judicata. *See Scott*, 746 F.2d at 1378.

Gonzalez also misunderstands the relevant inquiry of res judicata, which is not "whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; [but] rather . . . whether they *could have been* brought." *Tahoe-Sierra*, 322 F.3d at 1078 (emphasis added). Gonzalez's opposition does not explain why he failed to raise any of his six newly alleged claims, which are based on the same nucleus of facts as the 2007–2010 incidents, in either *Gonzalez I* or *Gonzalez II*. (*See* Opp'n to Chase's Mot. ("Opp'n I"), ECF No. 72.) In *Gonzalez II*, the court even granted Gonzalez leave to amend and bring new claims, but he failed to do so. (*Gonzalez II*, at 33.) Accordingly, the court in *Gonzalez II* dismissed Gonzalez's action with prejudice and entered judgment in favor of Chase and Fannie Mae. (*See Gonzalez II* Judgment.) Consequently, Gonzalez may not relitigate the newly articulated claims based on the same nucleus of facts because these claims could have been brought in either *Gonzalez I* or *Gonzalez II*. *See Tahoe-Sierra*, 322 F.3d at 1078.

The Court finding that res judicata applies, **GRANTS** Chase's and Fannie Mae's Motions and **DISMISSES** all of Gonzalez's thirteen claims as far as they are premised on the same nucleus of facts of the incidents of 2007–10.

## C.     Chase and Fannie Mae's Interest in the Loan and the Property

In Gonzalez's opposition, he argues that the 2015 and 2016 incidents are not barred by res judicata because Rushmore was an agent of Chase, and Chase and

Fannie Mae continued to have an interest in the Loan and the Property after 2015. Accordingly, what next follows is a two-part analysis where Gonzalez tries and fails to establish (1) that Rushmore was the agent of Chase and (2) that Chase/Fannie Mae have any interest in the property.

The crux of Gonzalez's first argument is that Rushmore is an agent of Chase and Fannie Mae, and "working on their behalf and at their behest." (Opp'n I 8.) Accordingly, each of his thirteen claims that relate to the "2015 lockbox" incident and the "2016 bank representative" incident do not necessarily stem from the same nucleus of facts as *Gonzalez I* and *Gonzalez II*, and therefore, are not barred by res judicata. (*See generally* Opp'n I 4–8.) However, to be true, Gonzalez must sufficiently allege that Rushmore is an agent of Chase and Fannie Mae, or that Chase and Fannie Mae continued to hold an interest in the Loan and the Property. *Lee v. Quality Loan Serv. Corp.*, No. 16-cv-02415-YGR, 2016 WL 3951658, at *4 (N.D. Cal. July 22, 2016) (dismissing plaintiff's claims "because Chase no longer held any interests in the note and deed of trust in question at the time of the events allegedly giving rise to plaintiff's causes of action").

It is well settled law that "conclusory language is inadequate to state an agency relationship." *Noe v. Fed. Deposit Ins. Corp. for Wash. Mut. Bank, F.A.*, No. 08-cv-7140-GHK (FMOx), 2010 WL 11549438, at *3 (C.D. Cal. Jan. 15, 2010); *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (affirming dismissal where complaint merely asserted that one defendant was agent of another defendant without any stated factual basis). "Generally, for an agency relationship to exist, a principal must consent to the agent acting on his behalf and subject to his control, and the agent must consent to act for the principal." *Holley v. Crank*, 400 F.3d 667, 673 (9th Cir. 2005).

Here, Gonzalez fails to allege sufficient facts to establish that Rushmore acted as an agent of Chase and Fannie Mae. (*See* FAC.) First, the FAC states that in the summer of 2015, "Rushmore [placed] a lock box on Plaintiff's home" and informed Gonzalez that the lockbox would remain since "they had rights to the home." (FAC

¶ 32.)  Second, the FAC states that "two women . . . claim[ing] to represent the bank," trespassed onto the Property, and defamed Gonzalez.  (FAC ¶ 33.)  However, nowhere does Gonzalez allege facts to show that Chase or Fannie Mae directed Rushmore to place the lock box or send the bank representatives to the Property.  (*See generally* FAC.)  The first time that Gonzalez asserts that Rushmore is an agent of Chase and Fannie Mae is in opposition to Chase's Motion.  (Opp'n I 2, 8.)  Gonzalez baldly states, "Chase Bank, through its agent Rushmore . . . placed a lockbox on [P]laintiff's home"; and "Rushmore may very well be the hand-picked agent of Chase."  (Opp'n I 2, 8.)  However, such unreasonable inference and conclusory language is inadequate to state an agency relationship.  *Noe*, No. 08-cv-7140-GHK (FMOx), 2010 WL 11549438, at *3.

Gonzalez also fails to allege sufficient facts to establish that Chase or Fannie Mae have any continuing interest in the Loan or the Property.  (*See generally* FAC.) Courts generally find that a defendant cannot be held liable for unlawful actions that occur after the defendant has assigned away all of their interest in a plaintiff's loan.  *Gumapac v. Deutsche Bank Nat. Tr. Co.*, No. 2:11-cv-10767-ODW, 2012 WL 3150657, at *8 (C.D. Cal. July 30, 2012); *Gregory v. MTC Fin., Inc.*, No. 19-cv-55-WQH(KSCx), 2019 WL 3532177, at *7 (S.D. Cal. Aug. 2, 2019).  Here, the 2016 Assignment clearly establishes that Fannie Mae assigned away its entire beneficial interest in Gonzalez's Loan in February 2016.  Further, Gonzalez concedes that in 2015 Chase transferred its loan servicing duties to Rushmore.  (*See* FAC ¶ 31.) Lastly, neither Gonzalez's FAC nor his Opposition to Chase's Motion assert any facts to show that Chase had a continued interest in the Loan or the Property after 2015, or Fannie Mae after 2016.  (*See* FAC; Opp'n I 8.)  Consequently, Gonzalez fails to plead sufficient facts to show that Chase and Fannie Mae have a continued interest in the Loan or the Property.  *See Gumapac*, 2012 WL 3150657, at *8.

Accordingly, dismissal of claims against Chase and Fannie Mae premised on the 2015 lockbox and 2016 bank representative incidents is appropriate.  The Court

1  **GRANTS** Chase and Fannie Mae's dismissal of all of Gonzalez's claims, so far as

2  they are premised on the 2015 and 2016 incidents.

3  **D.    Allegations Against NDeX**

4          NDeX requests that this Court dismiss all nine claims against it because

5  Gonzalez fails to assert any substantive allegations against NDeX, pursuant to Federal

6  Rule of Civil Procedure ("Rule") 8.  (NDeX's Mot. to Dismiss ("NDeX's Mot.") 7–9,

7  ECF No. 68.)  Gonzalez opposes NDeX's motion, arguing without support that NDeX

8  "was aware of and ratified all of the acts by all of the other defendants."  (Opp'n to

9  NDeX Mot. ("Opp'n II") 2, ECF No. 77.)   However, Gonzalez does not address

10  NDeX's argument that the FAC states no substantive allegations against it.  Instead,

11  Gonzalez places the cart before the horse by arguing that the Court "must accept as

12  true all material factual allegations in the complaint."  (Opp'n II 3.)

13          The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . .

14  claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555 (alteration in

15  original).  Accordingly, "allegations must state specific facts which establish that [the]

16  claims for relief are plausible as required by Federal Rules of Civil Procedure."

17  *O'Brien v. Caliber Home Loans*, No. 17-cv-01569-EMC, 2018 WL 317816, at *2

18  (N.D. Cal. Jan. 8, 2018) (citing *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134–35 (9th Cir.

19  2014)).

20          Although Gonzalez is correct that the Court must accept as true all material

21  factual allegations in the complaint, the Court is not bound to accept conclusory

22  allegations or unreasonable inferences.  *See Sprewell*, 266 F.3d at 988.  Further,

23  Gonzalez must still "state specific facts which establish that his claims for relief are

24  plausible."  *O'Brien*, 2018 WL 317816, at *2.  Here, Gonzalez fails to state a claim

25  against NDeX.  Gonzalez mentions NDeX only once in his FAC, where he states:

26  "[a]t all times relevant to this complaint, all named Defendants were aware of and

27  ratified all actions taken by each other and by NDeX . . . in its capacity as agent and/or

28  trustee for Defendants."  (FAC ¶ 8.)  As discussed above, such conclusory language is

inadequate, particularly when asserting an agency relationship. Yet, the FAC contains no substantive allegations or specific facts regarding NDeX's conduct or its alleged relationship to the other Defendants. (*See* FAC.) Accordingly, NDeX and the Court are left to guess how NDeX's conduct relates to each claim. Therefore, Gonzalez fails to provide NDeX fair notice as to the grounds for his claims. *Twombly*, 550 U.S. at 555 (dismissal is appropriate when the Complaint fails to provide fair notice.)

Additionally, in Gonzalez's opposition he states that "the FAC uses Chase and NDeX [] interchangeably," and so each claim brought against Chase is also tied to NDeX. (Opp'n II 2.) First, even accepting as true Gonzalez's conclusory assertion of an "interchangeable" relationship, NDeX would be liable only to the extent that Chase is liable. Thus, for the reasons discussed above regarding why Gonzalez's claims are barred by res judicata, so too would Gonzalez's claims be subject to dismissal against NDeX for the identical conduct. *Pagtakhan v. Alexander*, 999 F. Supp. 2d 1151, 1158 (N.D. Cal. 2013) ("A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory."). Second, Gonzalez fails to allege any facts to establish that NDeX had any interest in the Loan or the Property after 2015. Therefore, Gonzalez's claims against NDeX, premised on the 2015 lockbox and 2016 bank representative incidents, are inappropriate.

Accordingly, the Court **GRANTS** dismissal of all of Gonzalez's claims against NDeX.

**E.    Leave to Amend**

In general, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a). However, the Court may deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). When "any amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083,

1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where plaintiffs could not cure a basic flaw).

Given that Gonzalez's claims against Defendants are barred by res judicata and Defendants have demonstrated that they did not hold a continued interest in the Loan or the Property after 2015 and 2016, further amendments would not cure the fatal deficiencies discussed above.  Thus, leave to amend is not appropriate.

## V.    CONCLUSION

Defendants Chase's and Fannie Mae's and Defendant NDeX's Motion to Dismiss are **GRANTED with PREJUDICE**.  (ECF Nos. 64, 68).

**IT IS SO ORDERED.**

October 8, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**